UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>                    Plaintiff,<br><br>        v.<br><br>BARRON, *et al.*,<br><br>                    Defendants. | CASE NO. 2:23-cv-01530-JHC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 9, 2024 |

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge Grady J. Leupold. Plaintiff Alexandre Z. Davis, proceeding *pro se*, initiated this civil rights action on October 2, 2023. *See* Dkt. 1. Because Plaintiff failed to keep the Court advised of his current address, the Court recommends **DISMISSING** this action **without prejudice**.

Upon receipt of Plaintiff's properly supported Motion to Proceed *In Forma Pauperis* ("IFP") (Dkt. 4), the Court granted him leave to proceed without prepayment of fees. Dkt. 5. The Clerk's Office mailed Plaintiff a copy of the Order granting IFP on October 30, 2023. Dkts. 5, 8. However, on November 7, 2023, the Order was returned as undeliverable. *See* Dkt. 8.

On December 13, 2023, the Court ordered Plaintiff to update his address and informed him of the Court's Local Rule that required him to do so within 60 days of an address change. Dkt. 9 (citing Local Rules, W.D. Wash. LCR 41(b)(2)). The Court warned Plaintiff that failure to notify the Court of his updated address by January 12, 2024, would result in a recommendation of dismissal. *Id*. The Order directing Plaintiff to update his address was also returned as undeliverable. Dkt. 10.

By failing to update his mailing address, Plaintiff has not complied with the Court's Order or the Local Rules and has failed to prosecute his case. Therefore, the Court recommends this action be **DISMISSED without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 9, 2024**, as noted in the caption.

Dated this 19th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge